IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| | ) | CR 2-93-22 |
| v. | ) | CV 16-1002 |
| | ) | |
| THOMAS SHORTER | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant entered a plea of guilty to one Count of violating 21 U.S.C. § 846. He was sentenced on July 26, 2004, to a term of imprisonment of 188 months, followed by a term of supervised release. Defendant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. On July 6, 2016, Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255, asserting that his sentence was no longer valid after Johnson v. United States, 135 S. Ct. 2251 (2015). Counsel was appointed, and then filed an Amended Section 2255 Motion asserting Defendant's Johnson claim. The matter has been fully briefed, and is ripe for review.

### OPINION

#### I. APPLICABLE STANDARDS

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need

1

not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

## II. TIMELINESS

First, the Court must address the Government's threshold challenge to the timeliness of Defendant's Motion. The parties acknowledge that the Motion is timely only if it complies with 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

To date, most courts to have addressed this issue agree that Johnson applies only to ACCA sentences, and did not represent a newly recognized right for those sentenced under U.S.S.G. § 4B1.2 rather than ACCA. As the Court of Appeals for the Fourth Circuit observed, "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." United States v. Brown, 868 F.3d 297 (4th Cir. 2017); see also Raybon v. United States, 867 F.3d 625, 630 (6th Cir. 2017). Therefore, for those sentenced under the mandatory Guidelines, Johnson does not trigger the operation of Section 2255(f)(3). See, e.g., Westrich v. United States, No. 16-17196, 2017 U.S. App. LEXIS 8165, at **6-7 (11th Cir. Apr. 26, 2017); United States v. Jenkins, No. 97-23, 2017 U.S. Dist. LEXIS 206393, at **8-10 (M.D. Pa. Dec. 15, 2017); United States v. Kenney, No. 92-22, 2017 U.S. Dist. LEXIS 134366, at *8 (M.D. Pa. Aug. 22, 2017); United States v. Green, No. 4:01-CR-0397, 2017 U.S. Dist. LEXIS 129812, at *4 (M.D. Pa. Aug. 15, 2017); Davis v. United States,

2

No. 16-747, 2017 U.S. Dist. LEXIS 113898, at *12 (E.D. Wis. July 21, 2017) (collecting cases); United States v. Beraldo, No. 3-511, 2017 U.S. Dist. LEXIS 104050, at *4 (D. Or. July 5, 2017) (collecting cases). Although the courts are not in perfect agreement, see United States v. Roy, No. 00-40013, 2017 U.S. Dist. LEXIS 169425, at **14-15 (D. Mass. Oct. 13, 2017),[1] the weight of persuasive authority indicates the appropriate outcome here. Defendant's Motion will be deemed untimely.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a habeas petition is denied without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Whether Johnson recognized that right within the meaning of Section 2255(f)(3) presents a close question. In light of the still-developing law in this area, and the fact that jurists of reason have reached conclusions potentially inconsistent with the one that I reach today, courts within this Circuit have issued certificates of appealability under similar circumstances. See,

---

[1] Roy followed Moore v. United States, 871 F. 3d 72 (1st Cir. 2017). Moore considered the standards applicable to a second or successive petition, much like In re Hoffner, No. 15-2883, 2017 U.S. App. LEXIS 17284 (3d Cir. Sep. 7, 2017). The Moore Court granted defendant certification "to argue in the district court that the new rule created by Johnson [] invalidates the residual clause of the career offender guideline [pre-Booker]." Moore, 871 F. 3d at 74. The court emphasized that the prima facie showing required at the certification stage is "merely 'a sufficient showing of possible merit to warrant a further exploration by the district court,'" and does not involve a decision "for certain whether the petition has merit." Id. at 78. The court was not "sufficiently convinced" that post-Booker challenges to mandatory Guidelines sentences are outside of the statute of limitations; it left that question for the district court. Id. at 82-84. Because Moore and Hoffner addressed the standards applicable to a second or successive certification, neither they nor their progeny mandate a finding in this case that Defendant's Motion is timely. See United States v. Waters, CR 99-15 (W.D. Pa. Jan. 4, 2018).

3

e.g., Jenkins, 2017 U.S. Dist. LEXIS 206393, at **9-10. A similar course of action is warranted here, and a certificate of appealability shall issue.

## CONCLUSION

In conclusion, Defendant's Section 2255 Motion will be denied as untimely. A certificate of appealability, however, shall issue. An appropriate Order follows.

BY THE COURT:

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: January 11, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 2-93-22 |
| v. | ) CV 16-1002 |
| | ) |
| THOMAS SHORTER | |

**ORDER**

AND NOW, this 11th day of January, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. A certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*

---

Donetta W. Ambrose

Senior Judge, U.S. District Court